**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GAVIN ANDREW PIERSON**                                                  **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO.: 1:08cv208-JMR**

**SHERIFF DAVID ALLISON and
PEARL RIVER COUNTY**                                                **DEFENDANTS**

**MEMORANDUM OPINION:**

This matter is before the Court pursuant to a Motion [47-1] to Dismiss or, in the Alternative for Summary Judgment and Qualified Immunity filed on behalf of the Defendants, David Allison and Pearl River County on May 4, 2009. Defendants' Motion is accompanied by a Memorandum [48-1] in Support thereof. To date, Plaintiff has not filed a Response in Opposition. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motion [47-1] to Dismiss or, in the Alternative for Summary Judgment and Qualified Immunity should be partially granted and Plaintiff's claims dismissed without prejudice.

**STATEMENT OF THE CASE**:

Gavin Pierson ("Plaintiff") filed this *pro se* § 1983 action against Sheriff David Allison, in both his individual and official capacity as Sheriff of Pearl River County, and Pearl River County alleging that he suffered violations of his constitutional rights while being detained as a pretrial detainee at the Pearl River County Jail ("PRCJ").[1]

---

[1] The Court notes that Plaintiff does not specify whether his claims are against Defendant David Allison in his individual capacity, his official capacity, or both. Because *pro se* complaints must be construed liberally, the Court will interpret Plaintiff's Complaint to allege claims against Defendant Allison in both his individual and

## FACTS:

Plaintiff was arrested on four charges of Aggravated Assault. On February 12, 2007, he was booked and detained at the PRCJ until March 14, 2007, at which point he was released on bond. On May 17, 2007, Plaintiff was arrested and charged with Commercial Burglary, thereafter, his bond was revoked and he was detained at the PRCJ to await trial on his pending charges. On May 21, 2008, Plaintiff filed his original Complaint [1-1] against the Defendant, Sheriff David Allison. On June 4, 2008, Plaintiff filed an Attachment [4-1] to his Complaint and added Pearl River County Correctional Facility as a Defendant. Plaintiff filed a letter [8-1] on July 8, 2008, which this Court has construed as an Amended Complaint in response to its Order [6-1] entered on June 19, 2008. Pursuant to Plaintiff's Amended [8-1] Complaint, Pearl River County Correctional Facility was voluntarily dismissed and Pearl River County was added as a Defendant on July 11, 2008.

In his Complaint, Plaintiff contends that he was subjected to unconstitutional conditions of confinement during his detention at the PRCJ. Specifically, Plaintiff alleges that he was served cold food, that there was black mold growing in the showers, and that he did not receive "yard call" or recreation time. Also, Plaintiff contends that he was placed in lockdown 24 hours a day and only allowed out for approximately one hour every four days. (*See* Pl.'s Compl. [1-1] 4.) Plaintiff further alleges that he was "beat by officers," and became sick due to the living conditions. (*See* Pl.'s Am. [8-1] Compl. 1.)

## STANDARD OF REVIEW:

Defendant's first section of its Motion before the Court is presented as a Motion to Dismiss for Lack of Standing. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal

---

official capacity. *See Williams v. Love,* 2006 WL 1581908, *5 (S.D.Tex. 2006).

of a case "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 81 L.Ed.2d 59, 104 S. Ct. 2229 (1984)). It must be clear on the face of the complaint that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). All material allegations in the Complaint must be taken as true and construed in the light most favorable to the plaintiff. *Kaiser Aluminum &Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105, 74 L.Ed.2d 953, 103 S. Ct. 729 (1983).

## ANALYSIS:

Defendants argue that Plaintiff's Complaint and Amended Complaint should be dismissed for lack of standing. Specifically, Defendants claim that Plaintiff is currently a minor pursuant to MISS. CODE ANN. § 1-3-27, which states that any person under the age of twenty-one (21) is a minor, and that under Rule 17 of the Mississippi Rules of Civil Procedure he lacks the capacity to represent himself in a court action. In support of this contention, Defendants assert Plaintiff was born in the year 1990 and they present to this Court Plaintiff's release report from the PRCJ which contains Plaintiff's personal information, such as his birth date and social security number. (*See* Ex. "A" [53] Attach. Defs.' Mot. Dismiss.) Also, Defendants note that Plaintiff testified in deposition that he was born in the year 1990. (*See* Ex. "B" [53] Attach. Defs.' Mot. Dismiss.)

Further, Defendants assert that Mississippi law controls on an individual's capacity to maintain a suit according to Rule 17(b) of the Federal Rules of Civil Procedure; an individual's capacity to sue or be sued is determined "under the law of [their] domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing *Thomas v. Humfield*, 916 F. 2d 1032, 1034 (5th Cir. 1990)).

Therefore, Defendants assert that Plaintiff has no standing and lacks the capacity to bring the instant action, in his own name and on his own behalf, and they claim Plaintiff's Complaint and Amended Complaint should be dismissed without prejudice so that Plaintiff can bring this action when he reaches twenty-one (21), the age of majority. *See* MISS. CODE ANN. § 15-1-57 and 59 (1972, as amended) (statute of limitations for minor tolled until he reaches the age of 21).

This Court agrees with the Defendants. Plaintiff is a minor and he lacks the capacity to file the instant action on his own behalf. *See* M.R.C.P. 17; *see also Alack v. Phelps*, 230 So.2d 789 (Miss. 1970) (children under the disability of minority cannot act for themselves). Therefore, the instant action should be dismissed without prejudice.

Defendants note that the Court could appoint an attorney to represent Plaintiff, but argue that it is not proper. Defendants cite *Duarte v. Figueroa*, 2006 U.S. Dist. Lexis 15752 (N.D. CA 2006), noting there the Court found that a minor could not represent himself in a claim of excessive force against police officers and further denied plaintiff's request for appointed counsel by applying the standard found in 28 U.S.C. § 1915.

In *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997), a § 1983 suit, the Court held that a parent or guardian could not bring an action on behalf of a minor child without retaining a lawyer. The Ninth Circuit agreed with the rationale expounded by the Third Circuit, which stated:

> A litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654 (1982)... However, we agree with *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, *see* FED.R.CIV. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
> It goes without saying that it is not in the interest of minors or

> incompetents that they be represented by non-attorneys. Where they
> have claims that require adjudication, they are entitled to trained legal
> assistance so their rights may be fully protected.

*Johns*, 114 F.3d at 876-77 (quoting *Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991)). The Court noted that "the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Id*. (quoting *Osei-Afriyie*, 937 F.2d at 883). In order to protect those rights, the Court held that the minor's case should be dismissed without prejudice thus allowing him to bring the action on his own when he reaches the age of majority, if he so chooses. *Id*. at 878. If a lawyer is not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the minor may bring the action upon reaching the age of majority. *See Id*.

The Third Circuit in *Osei-Afriyie*, after concluding the minor could not be represented by a parent without an attorney, remanded the case to the district court for it to determine whether appointment of counsel under 28 U.S.C.A. § 1915(d) or dismissal without prejudice was appropriate. 937 F.2d at 883. The Court made note that it was not suggesting the minor's claims were appropriate for appointment of counsel under § 1915(d), but merely stating that issue is for the district court to decide. *Id*.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to

appointed counsel. *See Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987)*; Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d at 1084; *Jackson v. Dallas Police Department*, 811 F.2d at 262; *Feist v. Jefferson County Commissioners Court*, 778 F.2d at 253; *Ulmer v. Chancellor*, 691 F.2d at 213.

In the case *sub judice*, Plaintiff is not represented by a parent or guardian and he has not asked this Court to appoint him an attorney. It appears Plaintiff wishes to proceed *pro se* in the instant action. However, the choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice of the Plaintiff's to proceed *pro se* for this Court to respect.

While this Court believes that no issues concerning this litigation should be decided until Plaintiff is properly represented, after a careful review of all the pleadings before the Court and the applicable law, this Court recognizes that it has seen nothing thus far that would cause it to find Plaintiff's circumstances warrant appointment of counsel. The substance of Plaintiff's claims, that the conditions of his confinement and the use of excessive force violated his constitutional rights, are issues commonly found in reported § 1983 cases. Plaintiff complains of cold meals, mold in the showers, and being denied recreational time. Also, Plaintiff makes a conclusory statement, without any specifics, of being "beat by officers." (*See* Pl.'s Compl.) Furthermore, Plaintiff has not presented any evidence or pleading that represents to this Court Plaintiff has any likelihood of success on the merits. Additionally, the Court notes that according to the Mississippi Department of Corrections website, Plaintiff is no longer being housed at the PRCJ, where he claims his civil rights were violated, but instead he is currently incarcerated at the Walnut Grove Correctional Facility. *See* Gavin Pierson - Inmate Search, **http://www.mdoc.state.ms.us/** (last visited Sept. 16, 2009). Therefore, the Court recognizes that Plaintiff is currently not in danger of any ongoing constitutional violations occurring at the PRCJ. Accordingly, this Court finds that Plaintiff is not entitled to an appointment of counsel.

## CONCLUSION:

After considering the evidence of record, the Court concludes that the Plaintiff is a minor and he is thus not entitled to bring the instant action on his own behalf. Also, the Court finds that Plaintiff has not requested an attorney, and holds that at this point Plaintiff is not entitled to the appointment of counsel. Therefore, this Court finds that Plaintiff's Complaint should be dismissed without prejudice in order to protect Plaintiff's rights and give him the opportunity to either 1) bring this suit by a parent or guardian that is represented by counsel, 2) wait till he is twenty-one,

Mississippi's age of majority, and bring this suit through counsel, or 3) wait till he is twenty-one and bring this action *pro se*.[2] Accordingly, this Court finds this case should be dismissed without prejudice.

SO ORDERED, this the ___17th___ day of September, 2009.

                                                 ___s/ John M. Roper, Sr.___
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 12 provides that a Motion to Dismiss may be considered as a Motion for Summary Judgment if the parties present and the court considers evidence beyond the pleadings. The Court relies in part on the sworn deposition of Plaintiff and Plaintiff's inmate file, but declines to convert the preliminary issue of standing into a question of summary judgment.